Scott, J.
In the action in the court below, the plaintiff Bereaw, and the defendant Palmer, sought the foreclosure of mortgages executed to them severally upon the same lands by the defendants Cockerill and wife — and the sole question in the case is one between the mortgagees, as to the priorities of lien arising under their respective mortgages. Both the mortgages were executed on the 16th day of February, a.d. 1866, and that of the plaintiff was duly recorded on the following day, while the mortgage of Palmer was not presented to the recorder for record till the 13th of March, 1866, nor recorded till March 30th, 1866. The mortgages are both in the usual form, but that to defendant Palmer contains covenants of general warranty against incumbrances, and against the claims of all persons whomsoever; while in the mortgage of the plaintiff the grantors covenant that the- title thereby conveyed “ is free, clear, and unincumbered,, except the mortgage interest of E. Palmer this day perfected, amount one thousand dollars,” and that they will warrant and defend the same against the claims of all persons whomsoever.
By the act of March 16, 1838, “ declaratory of the laws upon the subject of mortgages ” (S. & C. 469), it is “declared and enacted that mortgage deeds do and shall take effect and have preference from the time the same are delivered to the recorder of the proper county to be by him entered on record.” Under this statute and that of 1831 on the same subject, it has been uniformly held in a long series of decisions, that a mortgage has no effect, either in law or equity, as *166 against subsequently acquired liens, until its delivery to the recorder of the proper county for record. The result is that' mortgages have priority in the order of their respective presentation for record. Magee v. Beatty, 8 Ohio, 896; Stansell v. Roberts, 13 Ohio, 148; Mayham v. Coombs, 14 Ohio, 428; Holiday v. Franklin Bank of Columbus, 16 Ohio, 533; Woodruffs. Robb, 19 Ohio, 212; White v. Denman, 1 Ohio St. 110; Brown v. Kirkman, 1 Ohio St. 116; Fosdick v. Barr, 3 Ohio St. 471; Bloom v. Noggle, 4 Ohio St. 45; Sidle v. Maxwell, 4 Ohio St. 236; Tousley v. Tousley, 5 Ohio St. 78. And in several of these cases it was expressly held that this rule as to priority is not affected by the fact that the subsequent mortgage is taken with actual notice to the mortgagee of a prior unrecorded mortgage.
It is clear; therefore, that the plaintiff’s mortgage, having been first presented for record, is entitled to priority unless the exception found in its covenants of warranty works a different result. It is claimed by counsel for Palmer that the effect of the exception is to subject the premises in the hands of the grantee to the satisfaction of the mortgage previously executed in favor of Palmer, and to limit the operation of the mortgage in which it was inserted, to the equity of redemption remaining in the grantor at the time of its execution. And we dc not doubt that such would be the effect of a similar reservation if found either in the granting, or in the habendum clause of the plaintiff’s mortgage. For, as was said in the case of Coe v. Col., Piq. & Ind. R. R. Co., “ it was not intended by the statute to give to any mortgage, upon the ground of its prior record, an effect forbidden, by the very terms of the mortgage itself.” 10 Ohio St. 406. But that was a case in which a third mortgage was in express terms made subject to the first and second one. Here, however, the conveyance is not of an equity of redemption merely; but of the premises described in the deed, with their appurtenances without limitation or exception; and the habendum clause is: “ To have and hold the same to the only proper use of the said Gf. Bercaw, his heirs and assigns forever.” The exception relied on is in the covenants of warranty only, and imports no *167 more than a refusal on the part of the grantor to warrant the title conveyed, against any lien or incumbrance created by the prior mortgage to Palmer. It amounts to full notice of the prior mortgage, and exonerates the grantor from all responsibility therefor under his covenants of warranty. But it purports to go no farther, and we think it cannot operate as a limitation on the estate .granted. Had the plaintiff’s mortgage contained no covenants of warranty in regard to the state of the title, it would clearly be entitled to priority under the statute; and it is not easy to see how he can he placed in a worse position by a warranty against all incumbrances except one which is specified. There is a manifest difference between the refusal of a grantor to warrant against a supposed incumbrance, and the recognition of its validity by the grantee.
A majority of the court think that the district court erred in awarding priority of lien to the mortgage of defendant Palmer, and its judgment is therefore reversed and cause remanded.
Brinkeehoff, C.J., and White and Day, JJ., concurred.
Welch, J., dissented from the second proposition of the syllabus.